**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**
3 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068-1762
(973) 622-3000
rulsamer@tompkinsmcguire.com
N.J. Attorney ID: 024481988
Attorneys for Plaintiff Keishawn Brown

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEISHAWN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS OFFICER DONALD A. GREY #2880, SGT. LAJUANA R. MAJOR #2255, and SHIFT COMMANDER LT. LEAKE #2032,<br><br>Defendants. | **COMPLAINT & JURY DEMAND**<br><br>**CIVIL ACTION**<br><br>**CASE NO.** |

Plaintiff, Keishawn Brown, by and through his attorneys, Tompkins, McGuire, Wachenfeld & Barry, LLP, by way of complaint against defendants, Corrections Officer Donald A. Grey #2880, Sgt. Lajuana R. Major #2255, and Shift Commander Lt. Leake #2032, state and allege as follows:

## INTRODUCTION

1. This action arises from events on August 12, 2012 while plaintiff was incarcerated at the Essex County Correctional Facility at 354 Doremus Avenue, Newark, New Jersey.

2. On or about July 28, 2014, without the assistance of counsel, plaintiff filed a civil action alleging his constitutional rights had been violated by multiple correctional personnel.

Despite the dismissal of several defendants from the proceedings as part of the court's initial review of plaintiff's complaint, it was determined a failure to protect claim under 42 U.S.C. §1983 had been sufficiently plead against defendant, Sgt. Emily R. Vargas. Plaintiff's lawsuit was allowed to proceed on August 8, 2014, bearing civil action number 2:14-cv-04800.

3.  On or about December 13, 2016, plaintiff filed an amended complaint naming three additional correctional personnel as defendants, specifically, Corrections Officer Donald A. Grey #2880, Sgt. Lajuana R. Major #2255, and Shift Commander Lt. Leake #2032, all of whom answered on April 12, 2017. In conjunction with the filing of the amended complaint, plaintiff dismissed his claims against defendant, Sgt. Emily R. Vargas.

4.  On August 24, 2017, plaintiff's application for the appointment of pro bono counsel was granted, resulting in an appearance by Tompkins, McGuire, Wachenfeld & Barry, LLP, on or about July 23, 2018.

5.  After pursuing written discovery, the parties agreed to voluntarily dismiss the original proceeding without prejudice pursuant to Rule 41. This dismissal was with the full understanding and agreement that a new action would be brought without objection on plaintiff's behalf by pro bono counsel. The original lawsuit was voluntarily dismissed on June 2, 2020, and was marked closed on June 3, 2020.

## JURISDICTION AND VENUE

6.  This Court possesses subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §1983, specifically, plaintiff's civil rights were violated by defendants who failed to protect him against other inmates at the Essex County Correctional Facility, resulting in his sustaining severe and permanent injuries.

7. The District of New Jersey is the proper venue for this proceeding given the events occurred and the parties work and/or reside in this jurisdiction.

## PARTIES

8. Plaintiff, Keishawn Brown, is currently under the care, custody and control of the New Jersey Department of Corrections, SBI #573136D. Prior to his incarceration, plaintiff resided in Irvington, New Jersey.

9. Upon information and belief, defendant, Corrections Officer Donald A. Grey, Badge Number 2880, was employed by and on-duty at the Essex County Correctional Facility at the time of the subject incident.

10. Upon information and belief, defendant, Sergeant Lajuana R. Major, Badge Number 2255, was employed by and on-duty at the Essex County Correctional Facility at the time of the subject incident.

11. Upon information and belief, defendant, Shift Commander Lieutenant Leake, Badge Number 2032, was employed by and on-duty at the Essex County Correctional Facility at the time of the subject incident.

## COUNT ONE – FAILURE TO PROTECT – 42 U.S.C. §1983

12. Plaintiff repeats and reiterates all prior paragraphs, and make same a part hereof as though set forth at full length.

13. On the evening of August 12, 2012, plaintiff was in the common area known as the "4-E-1 Dayroom" at the Essex County Correctional Facility. Plaintiff's presence in the common area was not in violation of any rules or regulations of the facility.

14. Besides plaintiff, there were other inmates in the "4-E-1 Dayroom," including, but not limited to, members of the "Grape Street Gang."

15. Members of the "Grape Street Gang" began physically assaulting other inmates in the "4-E-1 Dayroom," including, but not limited to, plaintiff who did not provoke or otherwise invite the attack.

16. During the attack by members of the "Grape Street Gang," plaintiff was repeatedly and violently struck about the head and body, resulting in his loss of consciousness and physical injuries.

17. Defendant Corrections Officer Grey who was on duty was responsible for monitoring the "4-E-1 Dayroom" at the time of the "Grape Street Gang" attack, which included protecting the safety of plaintiff and other inmates at the Essex County Correctional Facility.

18. Defendant Sgt. Major who was on duty was responsible for protecting the safety of plaintiff and other inmates at the time of the attack at the Essex County Correctional Facility.

19. Defendant Shift Commander Leake who was on duty was responsible for protecting the safety of plaintiff and other inmates at the time of the attack at the Essex County Correctional Facility.

20. Despite plaintiff's need for assistance, defendants delayed in assembling response teams to stop the physical attack on plaintiff by members of the "Grape Street Gang."

21. Defendants acted with deliberate, reckless and callous indifference to the substantial risk of serious harm to plaintiff during the August 12, 2012 attack, and otherwise failed to protect plaintiff resulting in his suffering severe and permanent bodily injuries.

22. Plaintiff was taken on August 12, 2012 to the Emergency Department at University Hospital (UMDNJ) in Newark, New Jersey, where it was determined he had suffered, among other injuries, a collapsed lung, multiple lacerations necessitating suturing, fractures to his jaw requiring mandibular reconstruction and the removal of teeth, a tracheostomy, and

ongoing surgical procedures to treat infection. Plaintiff's initial hospitalization exceeded two weeks.

23. The injuries resulting from the August 12, 2012 attack and defendants' failure to protect are severe; have caused plaintiff great pain and suffering; and will continue to impact his life.

24. The delayed action and indifference by defendants in responding to and protecting against the August 12, 2012 attack with its substantial risk of and resulting serious harm is actionable under the Eighth Amendment to the United States Constitution, as asserted under 42 U.S.C. §1983, for which plaintiff is entitled to recover.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory and punitive damages, together with attorneys' fees, interest and costs of suit.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

### LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies that, to the undersigned's good faith knowledge and belief, the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

TOMPKINS McGUIRE WACHENFELD & BARRY LLP
Attorneys for Plaintiff

By: _____
Richard A. Ulsamer

Dated: June 24, 2020